IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:17-CR-0030-SCJ |
| | ) | |
| | ) | MOTION FOR EARLY |
| | ) | TERMINATION OF SUPERVISED |
| v. | ) | RELEASE |
| | ) | |
| CHARLES P. RICHARDS, JR., | ) | |
| | ) | Judge: Hon. Steven Jones |
| Defendant. | ) | |
| | ) | |

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

I.  INTRODUCTION

Defendant, CHARLES P. RICHARDS, JR., hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Mr. Richards was convicted of conspiracy in October 2017, for which he received a 27-month sentence with 3 years of supervised release. His sentence was reduced to 20 months in February 2019. He served his prison time without incident.

Mr. Richards was released to home confinement on March 12, 2019 and transferred to probation on May 13, 2019, he began this 3-year term of supervised release on May 13, 2019. Mr. Richards has already completed one half (one- and one-half years) of his supervisory term.

Mr. Richards is being supervised in the Northern District of Georgia where he lives.

Prior to filing this petition, defense counsel provided it to the government. Counsel undersigned has communicated with probation officer Dennis Tudor and he indicated that Mr.

Richards was in full compliance in all areas of supervision including having made full restitution, going above and beyond that asked of him in performing community service and described his conduct on supervised release as "exemplary". Mr. Tudor transferred supervision to probation officer Derrika Richardson; Ms. Richardson stated that Mr. Richards was compliant with all conditions of supervision and did everything requested.

Assistant United States Attorney Jeff Davis and First Assistant United States Attorney Kurt Erskine have authorized counsel undersigned to inform the Court that the government has no objection to this request.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
>
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatric episodes;

8. no identifiable risk to the safety of any identifiable victim; and

9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

*Guide to Judiciary Policy*, Vol. 8E, Ch 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added)

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

## III.  MR. RICHARDS SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Richards satisfies all the factors set forth for early termination. He has completed all terms of supervision and has no need for programming or treatment. He had minimal special conditions and has fully complied with all of them. Notably, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision.

Mr. Richards was ordered to pay restitution in the amount of $193,000 payable to the City of Atlanta Department of Law. Full payment of restitution has been made to the City of Atlanta Department of Law.

Mr. Richards has steady employment, lives in his long-time residence with his wife and has a stable homelife. He is the father of three adult children and several young grand-children. All of his children are gainfully employed.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Richards has carefully followed each of the conditions set out for him. When he was an inmate, he focused himself on contributing positively to the C.I. and worked every day. Mr. Richards has completed every condition asked of him and has satisfied the requirements of his supervision. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision.

There was no violence or weapon in this offense, and he does not use controlled substances. He has no psychiatric issues. He enjoys the support of his community.

He is an ideal candidate for early termination of supervised released based on every factor the Court must consider.

Given Mr. Richards' successful reentry into the community, full payment of restitution and excellent performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Submitted, this the 4th day of January, 2021.

Respectfully submitted,

LYNNE Y. BORSUK
Georgia Bar No. 068730
Attorney for Defendant